## Pileggi v. Jackson

*Augustus R. Sigismondi*, for plaintiff.
*Walter J. Timby, Jr.*, for defendant.

REIMEL, P. J., June 21, 1966.—This matter comes before this court as a rule to show cause why an extension of time should not be granted to join an additional defendant.

The cause of action arises out of an automobile accident occurring in Philadelphia in July, 1963. Three vehicles were evidently involved, although the complaint filed by plaintiff in April, 1964, only recited the fact of a two car collision. Service on defendant Jackson proved difficult and finally, after reinstating the complaint twice, service was made on Jackson through the Secretary of the Commonwealth of Pennsylvania in June, 1964. Max E. Cohen, Esq., entered an appearance for defendant and demanded a jury trial. However, the alleged third party involved in the accident was not joined as an additional defendant within the prescribed time, and Mr. Cohen died before the case proceeded any further. Subsequently, the case was referred to present counsel for defendant.

Generally, under rule 2253 of the Pennsylvania Rules of Civil Procedure, an additional defendant must be joined within 60 days of the date that the original defendant is served. However, Pa. R. C. P. 2253 does provide for an extension of time for cause shown, the extension to be within the discretion of the court. Normally, the inadvertence of counsel does not constitute sufficient cause for joinder beyond the regulation time: 3 Goodrich-Am. §2253-3, at page 62. While it has become clear from subsequent events that Mr. Cohen was laboring under an emotional disability at the time he was representing defendant, that burden must fall on defendant, who chose Mr. Cohen to represent him. The statute of limitations has long since run. No joinder is now possible.

Therefore, for the above reasons, defendant's rule for an extension of time to join an additional defendant is denied.